IN THE COURT OF CRIMINAL APPEALS

OF TEXAS





NO. WR-62,800-01






EX PARTE JEREMY HENDERSON, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS 

FROM CAUSE NO. 980825 FROM THE 180TH JUDICIAL DISTRICT COURT OF
HARRIS COUNTY




 Per curiam.

 O R D E R


 This is an application for a writ of habeas corpus which was transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. 
Applicant pleaded guilty to the offense of aggravated assault, in exchange for four years of
deferred adjudication community supervision. Applicant's guilt was later adjudicated, and
punishment was assessed at four years' confinement. Applicant's conviction was affirmed
on appeal. Henderson v. State No. 14-04-00948-CR(Tex. App. --Houston [14th], delivered
February 3, 2005, no pet.).

 Applicant contends inter alia that the adjudication of his guilt and revocation of his
community supervision were improper, because they were based solely on new criminal
charges that were dismissed for lack of evidence. 

 The trial court has entered findings of fact or conclusions of law finding that
Applicant's challenge to the trial court's adjudication of his guilt and revocation of his
community supervision are not cognizable on habeas, because the trial court had absolute and
non-reviewable discretion in adjudicating Applicant's guilt. However, we do not believe
that those factual findings are sufficient to completely resolve the issues presented. Because
Applicant has stated facts requiring resolution and because this Court cannot hear evidence,
it is necessary for the matter to be remanded to the trial court for resolution of those issues. 
The trial court may resolve those issues as set out in Tex. Code Crim. Proc. art. 11.07, § 3
(d), in that it may order affidavits, depositions, or interrogatories from revocation counsel and
TDCJ, or it may order a hearing. In the appropriate case the trial court may rely on its
personal recollection. 

 If the trial court elects to hold a hearing, it shall first decide whether Applicant is
indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 The trial court shall then make findings of fact as to what the basis for the
adjudication of Applicant's guilt and revocation of mandatory supervision was. If the sole
basis for the decision to adjudicate was that Applicant had incurred new criminal charges,
the trial court shall make findings as to whether those charges were dismissed for lack of
evidence as Applicant alleges, and if so, when. The trial court shall also make any further
findings of fact and conclusions of law it deems relevant and appropriate to the disposition
of the application for writ of habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294
(Tex.Crim.App. 1960), this application for a post-conviction writ of habeas corpus will be
held in abeyance pending the trial court's compliance with this order. The trial court shall
resolve the issues presented within ninety days of the date of this order. (1) A supplemental
transcript containing any affidavits, the transcription of the court reporter's notes from any
interrogatories or hearings held, along with the trial court's findings of fact and conclusions
of law, shall be returned to this Court within one hundred and twenty days of the date of this
order. (2)


 IT IS SO ORDERED THIS THE 8th DAY OF MARCH, 2006.





EN BANC

DO NOT PUBLISH 
1. In the event any continuances are granted, copies of the order granting the continuance
shall be provided to this Court.
2. Any extensions of this time period shall be obtained from this Court.